[Civ. No. 37409. First Dist., Div. Four. Feb. 5, 1976.]

JOHN EDWARD McKENZIE,
Plaintiff, Cross-defendant and Appellant, v.
KAISER-AETNA, Defendant, Cross-complainant and Respondent.

**COUNSEL**

Wilhelm, Hanson, Olson & Bass and Donald E. Hanson for Plaintiff, Cross-defendant and Appellant.

Johnston, Miller & Giannini and Faber L. Johnston for Defendant, Cross-complainant and Respondent.

**OPINION**

**CHRISTIAN, J.**—John Edward McKenzie appeals from a judgment determining that he was not entitled to recover attorney's fees in an action against respondent Kaiser-Aetna. McKenzie alleged that Kaiser-Aetna had failed to pay for services, labor, and material furnished by appellant to Kaiser-Aetna on a construction project. The services, labor and material were furnished in accordance with specifications that McKenzie alleged were not included in the original written contract but were adopted by Kaiser-Aetna after McKenzie had begun construction work. On the basis of this alleged change in specifications, the complaint also stated causes of action for unpaid sums on an open book account and on an account stated, for compensation on a count of quantum meruit, and for damages for breach of implied warranty, for fraud, and for negligent misrepresentation. A cause of action for compensation for extra work performed pursuant to an agreement outside the original written contract was also stated. ██ The complaint requested attorney's fees on the basis of a provision in the contract.[1] Under Civil Code section 1717, some contractual provisions for attorney's fees are to be given reciprocal effect; i.e., the prevailing party "in any action on a

---

[1] "SECTION 15: ATTORNEY FEES"
"To pay to Owner, in any action brought to enforce the performance of this Contract, or any of the terms, convenants or conditions thereof, and in any action brought against Contractor by third parties in which Owner is joined as a party, whether the same proceed to judgment or not, an additional reasonable amount as attorney's fees, and this provision shall also apply to any suit or any bond furnished hereunder."

contract" is to receive reasonable attorney's fees "where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to [any] one of the parties, . . . ."

In its answer, Kaiser-Aetna alleged that the specifications in question had at all times been part of the contract, denied that it had failed to compensate McKenzie for the extra work he had done, and contested McKenzie's entitlement to attorney's fees if he prevailed in the action. Kaiser-Aetna cross-complained for costs incurred in paying other contractors to complete the work under the specifications in question after McKenzie allegedly ceased work without fulfilling his contractual obligations.

At trial, the bases for recovery on which the judge instructed the jury were breach of contract, breach of implied warranty, negligent misrepresentation, and restitution for extra work done outside the contract. Neither party requested that the jury make special findings as to what portions of the verdict were attributable to the various theories of recovery on which it was instructed. The jury returned a general verdict of $12,500 for McKenzie and $2,500 for Kaiser-Aetna.

The parties had stipulated that the issues of which party should recover attorney's fees and the amount of such attorney's fees should be heard and decided by the trial judge. After that hearing was held, the judge ruled that McKenzie was not entitled to recover attorney's fees and that Kaiser-Aetna was entitled to recover attorney's fees in the amount of $1,000. McKenzie requested written findings of fact and conclusions of law. The judge made the following findings of fact, among others:

"3. Plaintiff has not sustained his burden of proof to establish that the portion of the jury verdict and judgment in plaintiff's favor against defendant was based on the written contract which contains the provisions regarding attorney's fees, as opposed to having been based upon breach of a separate oral contract, or an implied warranty, or one or more of plaintiff's other theories not constituting an action on a contract which specifically provides for attorney's fees.

"4. Cross-complainant, KAISER AETNA's cross-complaint for damages is an action on, and to enforce, the written contract of August 4, 1971 hereinabove-referred-to, and the jury rendered a verdict, and

judgment was thereafter entered, in favor of cross-complainant and against cross-defendant in the sum of $2,500.00 on that cross-complaint, and cross-complainant was the prevailing party in the action on the written contract of August 4, 1971.

"5. The sum of $1,000.00 is a reasonable sum to be awarded to cross-complainant for attorney's fees incurred in successfully prosecuting its action on the cross-complaint to a judgment in favor of cross-complainant."

On the basis of these findings, the judge made the following conclusions of law:

"1. In that portion of the action which was on the written contract of August 4, 1971, cross-complainant, KAISER AETNA, a partnership, was and is the prevailing party, and under and by virtue of Civil Code Section 1717 of the State of California, cross-complainant should be awarded attorney's fees.

"2. Plaintiff, JOHN EDWARD MCKENZIE, is not entitled to any judgment against defendant as and for attorney's fees, and cross-complainant, KAISER AETNA, a partnership, is entitled to a judgment against cross-defendant in the sum of $1,000.00 attorney's fees."

Judgment on the issue of attorney's fees was entered accordingly.

Appellant contends that the trial judge erred in determining that appellant had not sustained his burden of proof that he was the prevailing party in the action on the contract and that he had thus failed to prove that he was entitled to attorney's fees pursuant to Civil Code section 1717. At the hearing on the issue of attorney's fees, the entire legal argument presented by appellant's counsel that he was the prevailing party in the action on the contract was ". . . the nature of this action was contract, . . . the whole foundation was the written contract. [A]s the court well knows, the foundation of each one of those theories [breach of contract, breach of implied warranty, negligent misrepresentation] is on the written contract."

The net verdict and judgment were in appellant's favor, but there is no way to ascertain, in the absence of special jury findings, on which of the theories of recovery (breach of contract, negligent misrepresentation, or breach of implied warranty) the jury mainly based its award to

appellant. Those theories do not all call for identical determinations of fact; specifically, the instruction on breach of contract required appellant to prove his own performance of his obligations under the contract, while the instruction on negligent misrepresentation contained no such requirement. The three theories of recovery were thus not merely the same cause of action under different guises. It is thus necessary to determine whether all those causes of action were "action[s] on [the] contract," as that phrase is used in Civil Code section 1717.

■ Negligent misrepresentation may render a contract void, or may be ground for rescission or reformation (1 Witkin, Summary of Cal. Law (8th ed. 1973) pp. 264-266), but an action for negligent misrepresentation is not an action to enforce the provisions of a contract. As the jury may have awarded its verdict to appellant on the basis of the negligent misrepresentation theory, appellant cannot recover attorney's fees under section 1717.

Appellant argues that the last phrase of the contractual provision for attorney's fees in the present case, i.e., "and this provision shall also apply to any suit or any bond furnished hereunder," means that respondent can recover attorney's fees in any type of suit in which appellant is the opposing party. Appellant further argues that section 1717 operates to reciprocate this allowance and entitles him to recover attorney's fees in any suit against respondent in which appellant prevails.

This argument requires that section 1717 be interpreted to mean that whenever a contract provides that one party be awarded attorney's fees and costs incurred to enforce the provisions of the contract, all provisions in the contract allowing for attorney's fees, whether or not those fees are incurred to enforce the provisions of the contract, must be reciprocated. Had the Legislature intended to reciprocate the contractual allowance of all attorney's fees, it would not have limited section 1717 to apply only to provisions for attorney's fees incurred to enforce the provisions of the contract. The theory that the Legislature did intend to reciprocate the allowance of all attorney's fees, but only when there is a provision in the contract that allows such fees to one party when incurred to enforce the provisions of the contract, is implausible. ■ The only reasonable interpretation of section 1717 is that it reciprocates the allowance of

attorney's fees only when such fees are incurred to enforce the provisions of the contract.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

, A petition for a rehearing was denied March 3, 1976, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 31, 1976.

*Retired judge of the superior court sitting under appointment by the Chairman of the Judicial Council.