[Civ. No. 68020. Second Dist., Div. Five. Nov. 4, 1983.]

ROBERT PLEMON, Plaintiff, Cross-defendant and Appellant, v.
NEAL RONALD NELSON, Defendant,
Cross-complainant and Respondent.

**COUNSEL**

Arthur Wasserman and Joyce R. Lanza for Plaintiff, Cross-defendant and Appellant.

Engstrom, Lipscomb & Lack and Elizabeth Lane Crooke for Defendant, Cross-complainant and Respondent.

**OPINION**

**FEINERMAN, P. J.**—Plaintiff, Robert Plemon (Plemon), appeals from an order granting defendant, Neal Nelson's (Nelson), motion for order taxing costs after an arbitration award in plaintiff's favor.

### FACTS

The facts giving rise to the arbitration award are, briefly summarized, as follows: Plemon is the owner of a certain 1968 Citabria aircraft. Plemon entered into a lease-back arrangement with Flight Ventures, a fixed base operator at Van Nuys Airport, in the business of renting airplanes to qualified pilots.[1]

On April 11, 1973, Nelson entered into a rental agreement with Flight Ventures. On July 3, 1976, an accident occurred when Nelson was piloting Plemon's plane pursuant to Nelson's rental agreement with Flight Ventures.

On March 17, 1977, Plemon filed a complaint for damages to the aircraft based on Nelson's alleged negligence. Nelson cross-complained for declaratory relief and attorney fees.

---

[1]In 1975 or 1976, Flight Ventures was sold to Ace Aero, Inc. which operated the rental business on essentially the same terms as had Flight Ventures.

The case was eventually diverted to arbitration and tried before an arbitrator who made an award in favor of Plemon in the amount of $1,267.02. Thereafter, Plemon filed a memorandum of costs and disbursements claiming $5,747.50 in attorney's fees as a miscellaneous item of cost pursuant to the authority of Civil Code section 1717, which provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. [¶] Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit."

The trial court refused to allow Plemon's attorney's fees stating in the minute order: "Fees of $5,747.50 appears to be reasonable, however, matter tried as a negligence action in arbitration and plaintiff [Plemon] not a party to the written contract of hire of the aircraft."

■ The sole question presented on this appeal is Plemon's right to attorney fees under Civil Code section 1717.

Plemon's complaint was based solely on negligence allegations. Plemon was not a party to the written contract between Nelson and Flight Ventures. However, in Nelson's cross-complaint he alleged the contract and asserted that under the contract his (Nelson's) liability was limited to Plemon's "uninsured loss." Nelson sought a declaration of rights and attorney fees under Civil Code section 1717.

Now, Plemon claims that since Nelson sought attorney fees in his cross-complaint based on the written contract between Flight Ventures and Nelson, he (Plemon) is entitled to attorney fees as the prevailing party as provided for under Civil Code section 1717.

Plemon relies on *Berge* v. *International Harvester Co.* (1983) 142 Cal.App.3d 152 [190 Cal.Rptr. 815]. In *Berge* plaintiff sued manufacturer (IH) for damages arising from breach of express and implied warranties in connection with sale of a truck manufactured by IH. IH's credit corporation (IHCC) cross-complained against plaintiff for damages incurred when IHCC repossessed the truck after plaintiff defaulted on the payments. IHCC also sought attorney's fees based on a clause in plaintiff's retail sales contract. Based on evidence that IHCC had transferred both the repossessed truck and the sale contract back to IH, the court granted a nonsuit in favor of plaintiff against IHCC. Plaintiff requested attorney fees under Civil Code

section 1717 as the prevailing party. The trial court denied plaintiff's request and the appellate court reversed, finding that IHCC's claim against plaintiff was clearly based on its rights under the sale contract and that both plaintiff and IHCC were parties to the contract. *Berge* is factually distinguishable from the case before us. In that case both parties were parties to the contract and both parties sought to enforce rights arising out of the contract.

Nelson claims that Civil Code section 1717 does not apply here because no "action on a contract" was involved in this suit and because Plemon was not a party to the contract between Nelson and Flight Ventures.

It has been held that nonsignatories to a contract should not be held to be liable for reciprocal attorney fees under the terms of Civil Code section 1717. (See *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 485 [144 Cal.Rptr. 474]; *Arnold* v. *Browne* (1972) 27 Cal.App.3d 386, 398 [103 Cal.Rptr. 775].)

However, in *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83], the California Supreme Court stated that a nonsignatory to a contract could claim reciprocal attorney fees under Civil Code section 1717 where he had been sued on the contract as if he were a party to it. In *Reynolds,* defendants were the shareholders and directors of a corporation (TMI) which owned and operated a subsidiary (Turner). Turner executed two promissory notes in favor of plaintiff which provided for attorney fees in case of default. Turner and TMI defaulted on the notes and plaintiff sued defendants personally on an alter ego theory. The trial court rejected the alter ego theory advanced by plaintiff and absolved defendants from personal liability for the obligations of Turner and TMI, and, in addition, the trial court granted defendants reciprocal attorney fees under Civil Code section 1717. In affirming the trial court's order with respect to attorney fees, the Supreme Court stated at pages 128-129: "Civil Code section 1717 provides in part: '*In any action on a contract,* where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, *the prevailing party, whether he is the party specified in the contract or not,* shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.' [Fn. omitted.] (Italics added.)

"The language of the statute is unclear as to whether it shall be applied to litigants who like defendants have not signed the contract. The section refers to 'any action on a contract' thus including any action where it is alleged that a person is liable on a contract, whether or not the court concludes he is a party to that contract. Nevertheless the terms 'parties' and

'party' are ambiguous. It is unclear whether the Legislature used the terms to refer to signatories or to litigants.

"Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party [citations], and to prevent oppressive use of one-sided attorney's fees provisions. [Citation.]

"Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.

". . . . . . . . . . . . . . . . . . . . . . . .

"Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation [citation], defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed."

In the case before us, we have a somewhat different situation than that involved in *Reynolds*. In this case, Plemon's complaint was not based on a contract, but rather on tort principles. Insofar as Plemon was the prevailing party in his suit on his complaint, he was clearly not entitled to attorney's fees under the provisions of Civil Code section 1717. (See *Stout* v. *Turney* (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228]; *Walters* v. *Marler* (1978) 83 Cal.App.3d 1, 27-28 [147 Cal.Rptr. 655]; *McKenzie* v. *Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 89-90 [127 Cal.Rptr. 275].)

Nelson's cross-complaint, however, was based on a contract which provided for attorney's fees in any action brought to enforce it.[2] In his cross-complaint for declaratory relief, Nelson attempted to assert that his liability to Plemon, if any, was limited by the terms of the rental agreement with Flight Ventures and that Plemon was bound by the contract because Flight Ventures was Plemon's agent. Under the circumstances, can Nelson's cross-complaint be said to be a suit to enforce the contract against Plemon? We think not. The thrust of Nelson's cross-complaint was defensive rather than offensive. Nelson sought to limit any tort liability he might incur as a result

---

[2]The contract provision upon which Plemon relies provides simply "I [lessee, or, in this case, Nelson] will pay all costs and reasonable attorney's fees incurred by you [Flight Ventures] in any action brought by you to enforce this agreement."

of Plemon's negligence suit by asserting the limitation on liability contained in the rental agreement. This was not an attempt to make Plemon liable under the contract as was the case in *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d 124.

Under these circumstances, the trial court properly determined that Plemon was not entitled to attorney's fees under the terms of Civil Code section 1717.

The March 9, 1982, order taxing costs is affirmed.

Stephens, J., and Ashby, J., concurred.

A petition for a rehearing was denied November 30, 1983.