**DATACOM, INC., a California Corporation; Richard W. Moore, an individual, Plaintiffs–Appellants,**

v.

**CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a limited liability company; Charter Communications, Inc., a Delaware Corporation, Defendants–Appellees.**

No. 05–56288.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007.*

Filed June 29, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David E. Wilkinson, Esq., Gates, O'Doherty, Gonter & Guy LLP, San Diego, CA, for Plaintiffs–Appellants.

Robert D. Goldberg, Esq., Clark & Goldberg, Santa Monica, CA, for Defendants–Appellees.

Before: ALARCON, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM **

Datacom, Inc. and Richard W. Moore ("appellants") appeal the district court's summary judgment order in favor of Charter Communications Holding Co., LLC and Charter Communications, Inc. ("Charter") as well as the award of attorney's fees to Charter in this diversity action alleging breach of contract, fraud, and negligent misrepresentation. We affirm the attorney's fee award as to Datacom. We reverse the attorney's fee award as to Moore, and hold that we do not have jurisdiction over the summary judgment order.

The California courts have held that actions for negligent misrepresentation and fraud are not actions on a contract within the meaning of California Civil Code § 1717 that would entitle the prevailing party to an award of attorney's fees. *See Stout v. Turney,* 22 Cal.3d 718, 730, 150 Cal.Rptr. 637, 586 P.2d 1228 (1978); *McKenzie v. Kaiser–Aetna,* 55 Cal.App.3d 84, 89, 127 Cal.Rptr. 275 (1976). However, when a complaint is based on a contract cause of action and a non-contract cause of action, a court is not required to engage in the impracticable and sometimes impossible task of "separat[ing] the multitude of conjoined activities into compensable or noncompensable time units." *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1996). Instead, "[a]pportionment of a fee award between fees incurred on a contract cause of action and those incurred on other causes of action is within the trial court's discretion." *Id.*

■ In this case, appellants do not challenge the district court's conclusion that Datacom's tort and contract claims were inextricably intertwined. Therefore, we affirm the attorney's fee award against Datacom.

■ However, Moore was not a party to the Charter contract, or to Datacom's causes of action based on contract. As a result, Moore would not have been entitled to fees against Charter had Moore prevailed on his tort claims.[1] We therefore hold Charter is not entitled to fees from *Moore* by prevailing on contract claims against *Datacom.*[2] *See Abdallah,* 43 Cal. App.4th at 1111, 51 Cal.Rptr.2d 286 (holding that each plaintiff is liable for fees if

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Datacom and Moore's joint prayer for relief cannot make Moore a party to the contract or to Datacom's contract claims, nor can inartful reference to "plaintiffs" claim for breach of contract in opposition to Charter's motion for summary judgment. *See Leach v. Home Sav. & Loan Ass'n,* 185 Cal.App.3d 1295, 1307, 230 Cal.Rptr. 553 (1986) (noting that plain-

tiff's bare allegations that she is entitled to receive attorney's fees is insufficient; the party claiming fees must establish that the opposing party actually would have been entitled to receive them if she had been the prevailing party).

2. In holding as such, we do not question the amount of attorney's fee awarded by the district court.

"he would have been entitled to *his* fees if he had prevailed."); *Hsu v. Abbara,* 9 Cal.4th 863, 870, 39 Cal.Rptr.2d 824, 891 P.2d 804 (1995) (explaining that mutuality of remedies in contract claims is the policy behind § 1717).

We do not have jurisdiction to address the summary judgment order. Appellants failed to designate the summary judgment order in the Notice of Appeal, *see* Fed. R.App. P. 3(c)(1)(B); *Lolli v. County of Orange,* 351 F.3d 410, 414 (9th Cir.2003), and in any event that Notice is untimely as to the summary judgment order, *see* Fed. R.App. P. 4(a); *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

**AFFIRMED** in part, **REVERSED** in part.