Filed 4/10/14  Sierra Industries West v. Hosseinioum CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SIERRA INDUSTRIES WEST, L.P. et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>ABOL HOSSEINIOUM et al.,<br><br>    Defendants and Appellants. | A137517<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-04-434239) |
| ABOL HOSSEINIOUM et al.,<br><br>    Cross-Complainants and Appellants,<br><br>v.<br><br>RICHARD TRAVERSO etc.,<br><br>    Cross-Defendant and Respondent. | A137874<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-04-434239) |

**I.**

**INTRODUCTION**

These consolidated appeals challenge the attorney fees award in a case arising out of a 1999 commercial real estate transaction in which Sierra Industries West, L.P., a California limited partnership (buyer), purchased a commercial building in San Francisco, California (the City) from Abol Hosseinioum and Farrokh Hosseinyoun (sellers).  Buyer brought tort and statutory claims based on its belief that sellers had fraudulently concealed, or negligently failed to disclose, material facts in connection with buyer's purchase of the property.  After buyer's lawsuit was resolved in sellers' favor, the trial court declined to award sellers contractual attorney fees because the scope of the

1

attorney fees provision contained in the real estate purchase agreement covered only contract claims and buyer's lawsuit sought recovery on statutory and tort claims. Sellers challenge this ruling in Appeal No. A137517.

After sellers were sued by buyer, they brought a third party cross-complaint against Richard Traverso, doing business as ADCO Outdoor Advertising (ADCO), seeking indemnity or contribution in the event buyer prevailed in the main action. In posttrial proceedings, the court ordered sellers to pay ADCO $335,127.75 for attorney fees incurred in successfully defending sellers' contractual indemnity claim under a contractual attorney fees provision contained in the separate contract between sellers and ADCO. Sellers challenge this ruling in Appeal No. A137874.

On our own motion, on January 15, 2014, these two appeals were consolidated for purposes of oral argument and decision. We affirm both of the challenged rulings.

## II.

## DISCUSSION

Because the appellate issues solely concern the trial court's posttrial rulings on attorney fees, we provide only a limited factual summary organized separately in response to the legal contentions raised by the parties in each appeal. A more complete factual background on this case is presented in our opinion in a related appeal, *Sierra Industries West, L.P. etc., et al. v. Hosseinioum et al.* (Appeal No. A135894).

### A. Appeal No. A137517-Denial of Attorney Fees to Sellers

In April 1999, sellers entered into the Purchase Sale Agreement (purchase agreement) with buyer's predecessor, LLM Investments, Inc. (LLM), whereby sellers agreed to sell a commercial building located at 290 Division Street in the City (the building) for $5.6 million.[1] The purchase agreement contained an "Attorney's Fees" provision, which provided that the prevailing party in an action brought "with respect to

---

[1] LLM, which is also a named plaintiff in this case, assigned its rights under the purchase agreement to buyer prior to the July 1999 close of escrow.

the subject matter of enforcement of this Agreement" is "entitled to recover attorney's fees, expenses and costs of investigation as actually incurred."

At the time of the purchase, the building had a large billboard on its roof (the billboard) which generated significant income through a long-term lease to a third party, ADCO. In 2003, several years after the purchase, buyer purportedly first learned the billboard's legal status was being questioned by the City. After all the administrative remedies were exhausted, buyer was eventually ordered by the City to remove the billboard.

Believing sellers had misled it about the projected income that reasonably could be expected from continuing to lease advertising rights to the billboard, buyer filed a lawsuit. In its second amended complaint (SAC), which is the operative complaint for our purposes, buyer asserted four causes of action against sellers alleging: (1) fraudulent concealment, (2) negligent nondisclosure, (3) negligent misrepresentation, and (4) violation of Business and Professions Code section 17200, California's Unfair Competition Law, for unfair business practices.

Buyer's position was that sellers allegedly "knew, recklessly disregarded or should have known . . . that the Rooftop Sign . . . was not duly authorized, constructed, permitted and/or maintained under the laws, regulations and requirements of the City of San Francisco . . . ." Moreover, buyer claimed sellers' misrepresentations and omissions caused it to reasonably and justifiably conclude the billboard was authorized by the City at the time of the sale in 1999, until buyer discovered otherwise after it received a notice from the City in 2003, leading to the eventual removal of the billboard.[2]

On December 5, 2007, the court granted sellers' motion for summary adjudication as to buyer's negligent misrepresentation cause of action. The case proceeded to a jury

---

[2] As noted in the introduction to this opinion, in response to buyer's lawsuit, sellers filed a cross-complaint against ADCO claiming that, in the event buyer prevailed at trial, ADCO was legally obligated to indemnify sellers. Sellers' cross-complaint alleged causes of action for: (1) implied indemnity, (2) comparative equitable indemnity, (3) contribution, and (4) declaratory relief. The disposition of sellers' cross-complaint will be discussed in detail in the section of this opinion devoted to Appeal No. A137874.

trial on two of buyer's causes of action—fraudulent concealment and negligent nondisclosure. On November 3, 2011, the jury returned its verdict for sellers. Thereafter, on November 28, 2011, a court trial was held to address buyer's remaining cause of action for a violation of Business and Professions Code section 17200. On March 23, 2012, the court issued its statement of decision determining that buyer was not entitled to any relief under Business and Professions Code section 17200. The second amended judgment, resolving all of the causes of action in sellers' favor, was filed on May 16, 2012.

Sellers then filed a posttrial motion seeking their costs and attorney fees. Sellers sought attorney fees, costs, and other unreimbursed litigation expenses incurred in defending against buyer's claims.[3] Sellers based their claim on Civil Code section 1717 and the contractual provision in the parties' purchase agreement providing for an attorney fees award to the prevailing party in an action brought "with respect to the subject matter of enforcement of this Agreement . . . ."

The trial court denied sellers' motion for attorney fees on November 6, 2012. The trial court's order denying the motion concluded "the wording of the attorney's fee clause in the Purchase Agreement limits the scope of prevailing party attorney's fees to 'the subject matter of enforcement of this agreement.' As there was no breach of contract claim, or claim to enforce the contract, attorney's fees are not recoverable on the tort claims tried to the jury."

Sellers first contend the trial court "improperly held that the [sellers] were not entitled to recover any of their $514,155.72 in attorney's fees because the instant lawsuit was purportedly not 'on a contract' for purposes of applying Civil Code [section] 1717[, subdivision] (a)."

---

[3] This amount included the attorney fees and costs expended with respect to sellers' indemnity cross-complaint against ADCO. Sellers claimed these fees and costs "were reasonably and necessarily incurred as a direct result of [buyer's] lawsuit and in order to properly defend against [buyer's] meritless claims. [Buyer] could and should have sued ADCO directly but for some inexplicable reason elected not to do so."

4

Civil Code section 1717, subdivision (a) provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, *which are incurred to enforce that contract,* shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing *on the contract,* whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.)

As the California Supreme Court explained in the seminal case *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*), "[S]ection 1717 applies only to actions that contain at least one contract claim. [Citations.]" (*Id*. at p. 615.) The claim may be framed in a different manner than a traditional action for breach (such as a request for declaratory relief to determine the parties' rights and duties under a contract), but it must be " '*on the contract*,' " under the plain language of the statute. (See *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc*. (2012) 211 Cal.App.4th 230, 240-241, italics added.)

Numerous courts have applied the rule that "section 1717 applies only to attorney fees incurred to litigate the contract claims. [Citation.]" (*Santisas*, *supra*, 17 Cal.4th at p. 615.) As stated in the recent case of *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, *"*Section 1717 and its reciprocity principles . . . 'cover[] *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce *that* contract. . . .' [Citation.]" (*Id*. at p. 820.) Tort and other noncontract claims are not subject to Civil Code section 1717 and its reciprocity principles. (*Ibid*.; see also *Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435 ["Civil Code section 1717 does not apply to noncontract claims"]; *Windsor Pacific LLC v. Samwood Co., Inc.* (2013) 213 Cal.App.4th 263, 273 ["Civil Code section 1717 is inapplicable . . . to noncontract claims"]; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 708 (*Exxess Electronixx*) ["Civil Code section 1717 does not apply to tort claims; it determines which party, if any, is entitled to attorneys' fees on a *contract claim only*" (original italics)]; *Khavarian Enterprises, Inc. v. Commline, Inc.*

5

(2013) 216 Cal.App.4th 310, 323 ["Section 1717 applies only to causes of action sounding in contract and based on a contract containing an attorney fee provision"].)

In this case, buyer never stated a cause of action for breach of contract or any other claim to enforce or interpret the purchase agreement. Instead, buyer's case advanced statutory and tort claims, based on sellers' alleged misrepresentations and omissions in inducing buyer to purchase the commercial building without disclosing that there were unresolved legal issues with regard to the billboard that might put the projected income stream from the third-party lease to ADCO in jeopardy. Consequently, buyer's claims were not "an action 'on a contract' within the meaning of [Civil Code section 1717]. [Citations.]" (*Stout v. Turney* (1978) 22 Cal.3d 718, 730.)

Seeking to avoid this conclusion, sellers argue that although buyer "elected to draft its complaint without a specific 'breach of contract' cause of action, there is no doubt that the premise of the instant lawsuit is [buyer's] claim that the [sellers] breached certain provisions in the [purchase agreement] by concealing and/or failing to disclose material information regarding the Rooftop Billboard." Sellers argue further that "[b]ased on [buyer's] own claims, the trial court should have concluded that this action is integrally related to and arose out of the purchase contract . . . ."

Sellers' argument that buyer's tort and statutory claims are really contract claims because they derive some meaning from the purchase agreement has been rejected by numerous appellate courts as inconsistent with Civil Code section 1717. For example, in *Exxess Electronixx*, *supra*, 64 Cal.App.4th 698, the court emphasized that an award of contractual attorney fees "cannot be sustained on the theory that the tort claims were brought to 'enforce the terms' of the lease;" expressly finding that the plaintiff's claims for constructive fraud and breach of fiduciary duty "were not brought [for that purpose]." (*Id*. at p. 709.)

Likewise, in *Loube v. Loube* (1998) 64 Cal.App.4th 421 (*Loube*), the court applied these "well settled" principles in an action for professional negligence, stating: "Here, although the parties had a contractual relationship, and appellant's claim for legal negligence arose from the relationship between them, which relationship was founded on

6

a contract, the cause of action sounded in tort and was no more 'on the contract' than a claim for breach of fiduciary duty or for fraud involving a contract. It follows that Civil Code section 1717 provides no basis for an award of attorney fees." (*Id* at p. 430; see also *Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 366 [an action for fraud sounds in tort, and is not "on the contract" for purposes of an attorney fee award, even though the underlying transaction in which the fraud occurred involved a contract containing an attorney fee clause].) As the above-cited cases illustrate, the fact that a tort or statutory claim sounding in fraud may arise out of the making or performance of a contract does *not* make such a claim an "action on a contract" within the meaning of Civil Code section 1717.

Alternatively, sellers assert the language of the attorney fees clause in the parties' purchase agreement was broad enough to take the clause out of the scope of Civil Code section 1717, and instead, put it within the realm of Code of Civil Procedure section 1021. Code of Civil Procedure section 1021 permits contracting parties to craft a broad enough attorney fees provision to allow the recovery of fees by the prevailing party in any type of action—including tort claims.[4] (See *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1832 (*Moallem*) [discussing the difference between Code of Civil Procedure section 1021 and Civil Code section 1717]; *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342 (*Xuereb*) [cases arising under Code of Civil Procedure section 1021, in which the fee clause may encompass tort claims by specific agreement of the parties, are fundamentally distinct from those governed by Civil Code section 1717].) As explained by our Supreme Court, "If a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims. . . ." (*Santisas*, *supra*, 17 Cal.4th at p. 608.)

---

[4] Code of Civil Procedure section 1021 provides, in pertinent part, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; . . ."

As in this case where the parties do not present extrinsic evidence to interpret the attorney fees provision of a contract, the appellate court determines de novo whether the contractual attorney fee provision entitles the prevailing party to attorney fees. (*Exxess Electronixx*, *supra*, 64 Cal.App.4th at p. 705; *Siligo v. Castellucci* (1994) 21 Cal.App.4th 873, 880; *Thompson v. Miller* (2003) 112 Cal.App.4th 327, 334-335 (*Thompson*).) " 'To answer this question, we apply the ordinary rules of contract interpretation. "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. . . . Such intent is to be inferred, if possible, solely from the written provisions of the contract. . . . The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' . . . , controls judicial interpretation. . . . Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. . . ." ' " [Citation.]" (*Exxess Electronixx*, *supra*, 64 Cal.App.4th at p. 709.)

There is no support for sellers' claim that the narrowly worded clause at issue here, which provides attorney fees to the prevailing party in "any suit or any other proceeding *with respect to the subject matter of enforcement of this Agreement*" is broad enough to apply to tort claims. (Italics added.) When compared with attorney fees provisions that have been found to encompass tort claims, it is apparent the language used here simply cannot be interpreted in the manner sellers urge.

For example, unlike this case, an attorney fees provision applicable to " 'any dispute under' " the agreement was found to be sufficiently broad to warrant attorney fees for the defense to fraud and breach of fiduciary duty causes of action. (*Thompson*, *supra*, 112 Cal.App.4th at p. 335.) Other broad language has been interpreted to include tort actions. (*Santisas*, *supra*, 17 Cal.4th at pp. 607-608 ["arising out of the execution of the agreement"]; *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 183 [" 'any legal action or proceeding brought by either party to this agreement' "]; *Xuereb*, *supra*, 3 Cal.App.4th at pp. 1342-1343 [" 'any lawsuit or other legal proceeding' to which

'this Agreement gives rise' "]; *Moallem*, *supra*, 25 Cal.App.4th at p. 1831 [any " 'legal action . . . relating to' " the contract].)

In contrast, as the appellate court stated in *Xuereb*, *supra*, 3 Cal.App.4th at pages 1341-1342, a party cannot recover attorney fees on tort claims under a contractual provision which authorizes fees incurred in an action to interpret or to enforce the contract. These principles were applied in *Exxess Electronixx*, *supra*, 64 Cal.App.4th 698, in interpreting a provision providing attorney fees in " 'an action or proceeding to enforce the terms [of a contract] or declare rights hereunder' . . . ." (*Id.* at p. 702.) The court found this attorney fees provision was limited to actions on the contract, and did not allow recovery of attorney fees in a tort action. (*Ibid.*; see also *Loube*, *supra*, 64 Cal.App.4th at p. 429 [if " 'legal action or arbitration is necessary to enforce the terms of this Agreement' " does not include tort claims]); *McKenzie v. Kaiser–Aetna* (1976) 55 Cal.App.3d 84, 89 ["an action for negligent misrepresentation is not an action to enforce the provisions of a contract"]; *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 742-743 (*Gil*) ["In the event an action is brought to enforce the terms of [an agreement]," such action does not include tort claims].)

Here, the language of the prevailing-party attorney fees provision was narrowly worded, and only provided for recovery of fees in actions brought "with respect to the subject matter of enforcement of this Agreement." As the above authorities instruct in cases involving nearly identical provisions, a tort claim is not an action to "enforce" a contract. Consequently, sellers have not identified any contractual provision or statute which would support their recovery of prevailing-party attorney fees incurred in the successful defense of buyer's tort and statutory claims.

Sellers next point out that in buyer's prayer for relief, buyer sought to recover its "reasonable attorney's fees and costs arising from and related to this action" from sellers under "each cause of action." Sellers claim buyer's request for attorney fees "further demonstrates the valid basis for [sellers'] request for fees" and that buyer should be "judicially estopped from contesting the [sellers'] legal right to recover attorney's fees based on its own fee request." Other courts have rejected the estoppel theory advanced

9

by sellers. (See *Bear Creek Planning Committee v. Ferwerda* (2011) 193 Cal.App.4th 1178, 1187-1188, and cases cited therein disapproving the judicial estoppel theory espoused in *International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1190.) We believe these courts have properly analyzed this issue.

Sellers decry the "gross injustice that occurred" when "[d]espite their unqualified victory in successfully defending against all of the [buyer's] meritless claims . . . [sellers'] motion for attorney's fees against [buyer] was denied in its entirety." No matter how sympathetic sellers' position may be, we are not permitted to rewrite the narrowly drawn attorney fees provision in the parties' contract. Had the attorney fees provision in the purchase agreement been intended to apply to broadly to tort claims, it could have so provided. Because tort claims do not enforce or declare rights under contracts (*Exxess Electronixx*, *supra*, 64 Cal.App.4th at p. 713; *Gil*, *supra*, 121 Cal.App.4th at p. 743), and for the other reasons expressed above, the trial court's denial of attorney fees must be affirmed.

## B. Award of Attorney Fees in Defending Cross-Complaint Seeking Indemnity—Appeal No. A137874

As already noted, before sellers sold the building to buyers, they entered into a long-term lease with ADCO for advertising rights to the billboard whereby ADCO was responsible for all repair, maintenance, and permitting issues. The lease contained express provisions for reciprocal attorney fees incurred to enforce the contract and, as described by sellers, ADCO's promise "to indemnify and hold [sellers] harmless from any issues relating to the alleged improper permitting of the Rooftop Billboard."

Consequently, in response to buyer's lawsuit, sellers filed a cross-complaint against ADCO claiming that, in the event buyer prevailed at trial, ADCO was legally obligated to indemnify sellers. Sellers' cross-complaint alleged: (1) express indemnity, (2) equitable indemnity, (3) contribution, and (4) declaratory relief. Sellers brought ADCO into the lawsuit by its cross-complaint as ADCO had not been named as a defendant by buyer.

10

On October 21, 2011, shortly before trial commenced, the trial court entered an order on ADCO's motion finding sellers could not establish a cause of action for express indemnity against ADCO because the July 23, 1998 lease containing the express indemnity provision had been assigned to buyer as part of the sale, and thus there was a fatal absence of an enforceable contract between sellers and ADCO.

The case proceeded to trial after the contractual indemnity claim had been dismissed by the court. On November 3, 2011, the jury returned its special verdict finding in favor of sellers against buyer on buyer's causes of action for intentional concealment and negligence (nondisclosure). Under the special verdict form, approved by all counsel, cross-defendant ADCO's liability under the cross-complaint did not have to be reached by the jury because the jury returned a verdict in favor of sellers. The causes of action for equitable indemnity, contribution, and declaratory relief in sellers' cross-complaint against ADCO were ultimately dismissed by the court as moot.

After trial, on July 6, 2012, ADCO filed its motion for attorney fees and costs against sellers, seeking an attorney fee award of over $450,000 for its successful defense of sellers' cross-complaint.

On November 6, 2012, the court entered an order indicating its intent to award ADCO only a portion of its requested attorney fees and costs. The court noted ADCO had prevailed before trial commenced on its express contractual indemnity claim, and therefore the court was "without discretion under these circumstances to deny attorney fees [to ADCO] on equitable grounds," citing *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871-872 (*Hsu*). The court's order requested that ADCO produce revised billing, itemizing "the time spent by ADCO's counsel on defending the indemnity claims based [on] the express contract between ADCO and [sellers]."

On November 16, 2012, in response to the court's directive, ADCO filed its revised billing requesting attorney fees supported by its attorney's declaration. ADCO's revised billing deleted the time spent during the entire two and one-half week trial and sought attorney fees for the approximately six years of litigation expenses leading up to

11

the trial court's ruling eliminating the express indemnity claim. The revised billing constituted a reduction of $124,133.50 from ADCO's original attorney fees request.

On November 26, 2012, sellers filed its objection to ADCO's revised billing, arguing "ADCO has failed to comply with the Court's direction to submit a revised bill that identifies and 'apportions' the 'time specifically spent defending the express indemnity claims.' " Sellers claimed that the time ADCO's lawyers expended on the noncontract issues, such as defending against the equitable indemnity, contribution, and declaratory relief claims, should have been segregated out and excluded from the revised attorney fees request. The court rejected sellers' argument, and on December 6, 2012, entered its order awarding ADCO $335,127.75 in attorney fees against sellers.

On December 20, 2012, sellers filed a motion for reconsideration of the order granting ADCO attorney fees, reasserting its argument that ADCO had ignored the court's directive that it "itemize" and "apportion" the attorney fees incurred in defending against the express indemnity claim. Sellers claimed ADCO's billing confirmed it only incurred $2,425.50 in attorney fees in defending against the express indemnity claim. The trial court denied sellers' motion for reconsideration on February 11, 2013, finding "[t]here were no new or different facts, circumstances, or law" presented by sellers' motion for reconsideration.

On appeal, sellers first claim that "based on . . . equitable considerations . . . the trial court should have determined, as between ADCO and [sellers], that there was 'no party prevailing on the contract' for purposes of awarding attorney's fees under Civil Code [section] 1771."

As the trial court correctly recognized, when a party receives an unqualified win on a contractual claim, and there exists a contractual attorney fees clause, the trial court has no discretion, even on equitable grounds, not to award fees to that party as a matter of law. (See *Hsu*, *supra*, 9 Cal.4th at pp. 876-877.) Because ADCO was completely successful in defending sellers' cross-complaint alleging that ADCO owed sellers a contractual duty to indemnify them for any damages obtained by buyer, ADCO is the prevailing party on the contract claim as a matter of law and is entitled to an award of

reasonable attorney fees under Civil Code section 1717 in successfully defending the claims brought against it.

Sellers next contend that the trial court "abuse[d] its discretion by ordering [sellers] to pay a cross-defendant [ADCO] all of its fees and litigation expenses incurred in the action up until the time of trial." Sellers claim "the bills and declarations submitted by ADCO's own attorney's [*sic*] conclusively establish" that only $2,425.50 of the $335,127.75 in fees awarded to ADCO were for fees related to ADCO's successful contractual indemnity claim.[5] Furthermore, sellers claim ADCO unnecessarily expanded its attorney fees by not bringing its motion to dismiss the contractual indemnity claim sooner. Sellers contend that "[a]rmed with his [*sic*] critical information, which information had been specifically requested by the trial court in its November 6, 2012 ruling, it was clear error for the trial court to then proceed to order [sellers] to pay ADCO $335,127.75 in fees."

"If an action asserts both contract and tort or other noncontract claims, [Civil Code] section 1717 applies only to attorney fees incurred to litigate the contract claims. [Citation.]" (*Santisas*, *supra*, 17 Cal.4th at p. 615.) However, apportionment is within the trial court's discretion, and no apportionment is required " 'when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impracticable or impossible to separate the attorney's time into compensable and noncompensable units.' [Citation]." (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417, fn. omitted.) Phrased another way, a fee award " ' "need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories." [Citation.]' . . ." (*Ibid.*)

The standard of review for a trial court's ruling on apportionment of a fee award between fees incurred on a contract cause of action, and those incurred on other causes of

---

[5] Sellers base this calculation on ADCO's billings, which reflect the total amount of time ADCO's counsel spent in researching the motion that defeated the express indemnity claim, and then to file the dispositive motion, totaled 8.8 hours, for which ADCO incurred attorney fees of $2,425.50.

action, is abuse of discretion. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111.) "The 'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' [Citations.]" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49; accord, *Track Mortgage Group, Inc. v. Crusader Ins. Co.* (2002) 98 Cal.App.4th 857, 868.) A trial court's exercise of discretion is abused only when its ruling exceeds the bounds of reason, all of the circumstances before it being considered. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.)

Our review of this matter has been thwarted by sellers' failure to provide us with the various reporter's transcripts of the attorney fees hearings where the apportionment of fees was discussed and which presumably contains a more detailed explanation for the trial court's ruling. As the party challenging a discretionary ruling, sellers had an affirmative obligation to provide an adequate record so that we could assess whether the court abused its discretion. (See *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Since sellers elected not to provide reporter's transcripts of the various hearings, the issue is simply whether reversible error appears on the face of this record. It does not.

Instead, the record shows it was reasonable for the court to find all of sellers' indemnity claims were so intertwined as to make it impossible to separate them for purposes of determining the amount attorney fees and thus the trial court did not abuse its discretion in making the award. (See, e.g., *PM Group, Inc. v. Stewart* (2007) 154 Cal.App.4th 55, 68-69.) Because all the contractual and equitable/implied indemnity causes of action have common issues, facts, and damages, ADCO argued there should be no apportionment of attorney fees among the various indemnity causes of action. In support of this argument, ADCO's counsel submitted a declaration that he would not have defended ADCO any differently if the indemnity theories had only been based on contract, versus other indemnity claims based on equity. He indicated in his declaration that he rendered the same legal services for the contractual and the noncontractual

14

indemnity claims.  ADCO argued it was impossible "to dissect ADCO's revised bills to show that certain time related only to express versus equitable indemnity claims because all of the time for which ADCO seeks payment falls within ADCO's counsel's overall strategy in defending the express indemnity claims."  Based on this evidence and argument, the court could reasonably find the indemnity claims in sellers' cross-complaint were more than incidental to one another; rather, they were inextricably intertwined.

Here, there is no doubt the trial court applied the proper legal standard under controlling authorities.  Sellers had ample opportunity to present, and did in fact fully present their position on this issue to the trial court several times, but the trial court was not swayed.  Moreover, because the trial court was very familiar with the particular nature of the pretrial and trial proceedings of this case, and made clear it understood the proper factors to consider, and we are without benefit of the reporter's transcripts of the several arguments on this issue, we are not persuaded that the court abused its discretion in finding $335,127.75 a reasonable fee to defend the express indemnity claim.  (See *Erickson v. R.E.M. Concepts, Inc.* (2005) 126 Cal.App.4th 1073, 1085-1086 [affirming trial court's refusal to apportion fees incurred defending tort claims and those incurred defending indemnity claims under subcontract because claims raised common issues requiring virtually identical evidence].)

## III.

## DISPOSITION

The attorney fees rulings challenged in these consolidated appeals are affirmed.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
HUMES, J.