Filed 5/16/22 Rosen v. Century Law Group CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JONATHAN ROSEN, | B309991 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC650926) |
| v. | |
| CENTURY LAW GROUP, LLP, et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Monica Bachner, Judge. Affirmed.

Jonathan Rosen, in pro. per., for Plaintiff and Respondent.

Century Law Group and Karen A. Larson for Defendants and Appellants.

## INTRODUCTION

Defendants and appellants Century Law Group (CLG) and Edward Lear (Lear) (collectively, CLG) appeal from an order denying their motion for attorneys' fees. CLG contends the trial court erred in denying its motion because: (1) the retainer agreement between CLG and plaintiff and respondent Jonathan Rosen (Rosen) contains a prevailing party attorneys' fee provision; and (2) that CLG was represented by an attorney who was "of counsel" for CLG does not preclude an award of attorneys' fees under Civil Code section 1717. For the reasons discussed below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2015, Rosen retained CLG to defend him in a legal malpractice lawsuit. The retainer agreement between CLG and Rosen contained an attorneys' fees clause, which provided: "If any action at law or in equity, in court or in arbitration, is necessary to enforce or interpret the terms of this Retainer Agreement, the prevailing party shall be entitled to reasonable attorneys' fees (including fees for services rendered by our law firm's attorneys, waiving any contrary holding in *Trope v. Katz* (1995) 11 Cal.4th 274)[1] incurred by our law firm, costs and necessary disbursements, in addition to any other relief to which it may be entitled."

Rosen subsequently sued CLG, alleging causes of action for professional negligence, breach of contract, and breach of

---

1    In *Trope v. Katz* (1995) 11 Cal.4th 274, 278 (*Trope*), our Supreme Court held that an attorney litigant who proceeds in propria persona rather than retaining another attorney may not recover reasonable attorneys' fees under Civil Code section 1717.

fiduciary duty. Following a bench trial, the trial court entered judgment in favor of CLG.[2] The final judgment provided, in part: "Final Judgment is entered in favor of the Defendants, [CLG], and [Lear] and against Plaintiff [Rosen]. [Rosen] is to recover nothing . . . , Defendants are to recover $9,498.19 plus interest. The Court shall reserve jurisdiction to award attorneys' fees, if recoverable, and court costs, and to effectuate this judgment. Defendant[s] [are] entitled to $6,188.59 [in] cost[s]. Judgment is entered on the cross-complaint on behalf of [CLG] and [Lear] and against Plaintiff [Rosen]."

CLG moved for $216,610 in attorneys' fees incurred in defending CLG against Rosen's claims pursuant to Civil Code section 1717. CLG supported its motion with a declaration from its attorney, Karen Larson,[3] and billing records. Ms. Larson declared "[t]he number of hours [she] incurred defending Mr. Lear and the firm is 471 hours."

After the trial court issued a tentative ruling denying CLG's motion, CLG filed a request for clarification, asking the court to "articulate whether the *Trope* waiver applies to fees incurred on the basis that 1. Defendants prevailed against Plaintiffs' lawsuit on three causes of action; and 2[.] Defendants prevailed on their cross-complaint for breach of contract."

---

2      We affirmed the judgment in an unpublished opinion. (See *Rosen v. Century Law Group* (March 18, 2022, B306323) [nonpub. opn.].)

3      In her declaration in support of CLG's motion for attorneys' fees, Ms. Larson declares she is "associated with CLG as an independent contractor." In its opening brief on appeal, CLG states Ms. Larson is "of counsel with CLG."

Following a hearing,[4] the trial court denied CLG's motion for attorneys' fees in a written order, concluding "the gravamen of the case was the underlying legal malpractice claim, thus Defendants are not entitled to attorney's fees." It further held: "Even if the lawsuit was on the contract, Defendants are not entitled to legal fees as they are self-represented litigants."

CLG filed a motion for reconsideration, again seeking clarification regarding whether the *Trope* waiver was enforceable. The record on appeal does not appear to contain opposition or reply papers, nor does it contain a ruling on the motion for reconsideration.

CLG timely appealed from the order denying its motion for attorneys' fees.

## DISCUSSION

### A. Applicable Law and Standard of Review

Civil Code section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."

"Generally, an order granting or denying an award of attorney fees is reviewed under the abuse of discretion standard of review. [Citation.] However, the determination of whether the criteria for an award of attorney fees and costs have been met is a question of law for our de novo review. [Citations.] As for any

---

4 The hearing apparently was unreported.

4

disputed factual issues, the trial court's findings are reviewed under the substantial evidence rule and must be affirmed if supported by substantial evidence. [Citation.]" (*Soni v. Wellmike Enterprise Co. Ltd.* (2014) 224 Cal.App.4th 1477, 1481.)

## B. The Trial Court Did Not Err by Denying CLG's Motion for Attorneys' Fees

CLG contends it is entitled to fees as a prevailing party in the underlying action based on the attorneys' fee provision in the retainer agreement. Rosen counters that fees are not authorized in a legal malpractice action, citing *Loube v. Loube* (1998) 64 Cal.App.4th 421 (*Loube*). We agree with Rosen.

In *Loube, supra*, 64 Cal.App.4th 421, plaintiffs sued their former attorneys for professional negligence, constructive fraud, breach of fiduciary duty and breach of contract. (*Id.* at p. 425.) After the court entered judgment in favor of the defendant attorneys, they moved for attorneys' fees based on a fee provision in their retainer agreement. (*Ibid.*) "The retainer agreement between [plaintiffs] and [defendant attorneys] contained a narrowly drawn attorney fee provision, more or less adopting the language of Civil Code section 1717: '[I]f legal action or arbitration is necessary to enforce the terms of this Agreement, the prevailing party shall recover reasonable attorneys' fees.'" (*Id.* at p. 429.) The *Loube* court concluded that, although professional negligence constitutes "both a tort and a breach of contract," plaintiffs did not "bring a suit 'on the contract.'" (*Ibid.*) The court reasoned: "Here, although the parties had a contractual relationship, and [plaintiffs'] claim for legal negligence arose from the relationship between them, which relationship was founded on a contract, the cause of action sounded in tort and was no more 'on the contract' than a claim for breach of fiduciary duty or

5

for fraud involving a contract. It follows that Civil Code section 1717 provides no basis for an award of attorney fees." (*Id*. at p. 430)

CLG's attempt to distinguish *Loube* is unavailing. First, CLG claims (without any explanation) that the fee provision in the retainer agreement between CLG and Rosen is "broader" than that in *Loube*. The attorneys' fee provision in *Loube*, however, is nearly identical to the one here, as the trial court noted; both are narrowly drawn and largely adopt the language of Civil Code section 1717. Second, we reject CLG's argument that the action was "on the contract" because the operative complaint included a claim for breach of contract whereas in *Loube*, plaintiffs tried only the professional negligence claim.[5] Rosen's breach of contract claim was entirely premised on the malpractice claim. Specifically, the complaint alleged CLG breached the contract by "failing to provide [Rosen] with competent legal services." We therefore agree with the trial court that the gravamen of the action was for legal malpractice, and therefore the action was not "on a contract" containing an attorneys' fee provision. (See, e.g., *Hyduke's Valley Motors v. Lobel Financial Corp*. (2010) 189 Cal.App.4th 430, 436 ["mere fact [ ] complaint pleaded a breach of contract cause of action is not dispositive" of whether the action was "on a contract" for purposes of Civil Code section 1717].)

---

5    We note the published portion of the opinion in *Loube* does not, in fact, discuss why the other causes of action brought by the plaintiffs, including a cause of action for breach of contract, were omitted in the discussion of attorneys' fees. The professional negligence claim may have been the only claim tried, as CLG contends, but it is unclear from the published portion of the opinion.

6

Moreover, CLG argues even if Rosen's complaint was not an action "on a contract," it is nevertheless entitled to attorneys' fees as a prevailing party on its cross-complaint for breach of contract. CLG failed, however, to provide the trial court with evidence from which it could apportion fees for time spent on prosecuting the cross-complaint. To the contrary, Ms. Larson does not claim to have expended *any* hours prosecuting the cross-complaint. As discussed above, Ms. Larson declares *all* hours expended on the matter were spent "defending" CLG.[6]

Accordingly, we conclude Rosen's complaint against CLG was not "on a contract" for purposes of Civil Code 1717, and CLG failed to submit evidence of any fees incurred in prosecuting its cross-complaint for breach of contract. CLG therefore has not demonstrated an entitlement to an award of fees. Because these conclusions are dispositive, we need not address the remaining issues CLG raises (i.e., whether the *Trope* waiver in the retainer agreement is enforceable, or alternatively, whether the facts of *Trope, supra,* 11 Cal.4th 274, are distinguishable).

---

6      It does not appear Ms. Larson drafted the cross-complaint. According to the "Case Summary," CLG filed the cross-complaint on October 25, 2017 (the cross-complaint is not in the record on appeal). According to Ms. Larson's billing records, she did not begin work on the case until 2019.

## DISPOSITION

The order is affirmed. Rosen is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


COLLINS, J.