Opinion
SAETA, J.
Plaintiff sued in a six-count complaint for rescission, restitution, and damages. The controversy was based on the sale by defendant to plaintiff of a used car which plaintiff later returned as unsatisfactory. Defendant appeals from two judgments entered February 2, 1979: one for $400 for restitution and the other for $2,000 for fraud.[1] Plaintiff Cobian cross-appeals.
I. Summary Adjudication
On December 14, 1977, the court granted plaintiff’s motion for summary adjudication of the first cause of action for restitution. Although denominated partial summary judgment in the motion, the court’s order declared that the plaintiff’s claims in count 1 were established as without substantial controversy, severed the remaining counts for later trial, and ordered that rescission and $400 restitution be incorporated in the ultimate judgment rendered.
Defendant asserts that the granting of the motion was error, and was compounded by the trial judge telling the jury that an order had already been made granting rescission and return of the $400 down payment. Taking the latter argument first, plaintiff is correct in asserting that the engrossed settled statement re testimony does not reflect that the jury was so advised by the trial judge. The settled statement was prepared by defendant and indicates that defendant will assert error in allowing Jose Gonzalez to testify. It does not indicate that there *Supp. 27 was error in instructing or advising the jury concerning the summary judgment order. Under California Rules of Court, rule 127(a), the grounds of appeal do not have to be set forth but the condensed statement must contain such portions of the oral proceedings as the appellant deems material to the determination of the points on appeal. Further, “[i]f the condensed statement purports to cover only a portion of the oral proceedings, the appellant shall state the points to be raised by him on appeal, and in such event shall be precluded from presenting any grounds for reversal not embraced within the points stated by him. ...” As the written instructions are not part of the record on appeal and as any oral instruction as to the effect of the prior order for summary adjudication is not part of the settled statement, defendant has waived his right to argue error in the jury’s consideration of the prior order.
Nevertheless, defendant is not foreclosed from arguing that the order for summary adjudication was erroneously made. The clerk’s transcript on appeal shows the moving and responding papers and the order was carried forward in the judgment entered February 2, 1979. Plaintiffs motion was grounded on only one defect in the contract of the parties: an overcharge of $1.76 on the finance charge. Under Civil Code section 2982, subdivision (c), the maximum finance charge would be $281.34[2] but in response to interrogatories, defendant claimed to have charged $289.15. The contract itself, attached as an exhibit to plaintiffs moving papers as well as the complaint, showed the actual charge as $283.10. In his declarations in opposition to the motion, defendant claimed that the error in the overcharge was, in the terms of Civil Code section 2983 “the result of an accidental or bona fide error in computation.” In interrogatory responses defendant had blamed the error on using I8V2 months rather than 18 months in computing the finance charge.[3] In contrast in his declarations in response to the motion he claimed that he used 18 months but got the numbers wrong and that a computer figured it. In actuality, the real finance charge, per the contract itself, is 18.11 months at 1 percent interest per month. Plaintiff offered no evidence as to how the finance charge was calculated.
*Supp. 28 Plaintiff asserts that this issue was not properly before the judge hearing the motion, claiming that an affirmative defense should have been pleaded by the defendant. Plaintiff has cited no authority for this proposition. However, we agree with this contention. Plaintiff grounded his first cause of action on a financing overcharge apparent from the contract itself. In paragraph 9 of the complaint plaintiff alleged that the charges exceeded those allowed by Civil Code section 2982, subdivision (c). Under Civil Code section 2983, a violation of section 2982, subdivision (c) becomes actionable to the buyer. Defendant denied complaint paragraph 9 but did not plead that any error in computation of the finance charge was accidental or bona fide. We believe that this defense is akin to a mistake defense and thus was an affirmative defense that the defendant had to plead in order to introduce evidence on the issue. (See Siem v. Cooper (1926) 79 Cal.App. 748, 752-753 [250 P. 1106]; 3 Witkin, Cal. Procedure (2d ed. 1971) p. 2500.) As only the seller of the automobile would know how he calculated the finance charges, we think it only fair that he both plead and prove that an erroneous calculation was the result of an accidental or bona fide mistake.
As the defense of error in calculation was not pleaded by defendant, the issue could not be considered by the court in ruling on the motion for summary adjudication. (Keniston v. American Nat. Ins. Co. (1973) 31 Cal.App.3d 803, 811-812 [107 Cal.Rptr. 583].) Defendant’s remedy was to request leave of the court to amend his answer so as to assert his defense. “If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings.” (Gardenswartz v. Equitable etc. Soc. (1937) 23 Cal.App.2d Supp. 745, 753 [68 P.2d 322].)
II. Election of Remedies
Defendant claims that the damages awarded by the jury for fraud were improper as plaintiff had elected to rescind the contract and thus gave up his right to damages. Defendant’s claim of “election of remedies” is grounded on Evans v. Rancho Royale Hotel Co. (1952) 114 Cal.App.2d 503 [250 P.2d 283]. In that case a real estate sale was mutually cancelled by a written agreement of the parties. The court held that this precluded the purchasers from later suing for their damages for fraud for the moneys they laid out in anticipation of the sale. *Supp. 29 The court’s holding was predicated on the agreement of the parties cancelling the sale. It ruled that agreement included all damages arising from the transaction. More analogous to our situation is Horn v. Guaranty Chevrolet Motors (1969) 270 Cal.App.2d 477 [75 Cal.Rptr. 871]. In Horn, the auto purchasers unilaterally rescinded and recovered the payments they made to the seller plus punitive damages. This award was affirmed, the court saying that “it is immaterial that plaintiff’s recovery is in the form of specific restitution, rather than monetary damages....” (Id. at p. 484.) Our case is on all fours with Horn: plaintiff’s recovery of his down payment did not foreclose his right to punitive damages on his fraud cause of action. In addition, Civil Code section 1692 provides, in part: “A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery.”[4]
III. Punitive Damages
Defendant claims that the award of $2,000, not being segregated as to actual and punitive damages, is unintelligible and erroneous. Defendant’s remedy was by way of submitting a special verdict under Code of Civil Procedure section 625 or in having the trial judge ask the jury to clarify its verdict form prior to discharge of the jury. On the record presented to us we cannot tell whether the verdict included both kinds of damages or only one, or which one. We hesitate to presume that the jury erred. On the evidence given, the jury could have found compensatory damages for the many trips plaintiff made to defendant’s place of business attempting to have the car repaired, and for the two spark plug sets he had to buy. The loss of use of the $400 down payment may have been another element of damage. Even a finding of no compensatory damages by the jury would not necessarily deprive plaintiff of an award for punitive damages. In James v. Public Finance Corp. (1975) 47 Cal.App.3d 995 [121 Cal.Rptr. 670], an award of punitive damages was upheld by the appellate court in that compensatory damages were shown by the plaintiff even if not awarded expressly by *Supp. 30 the jury. See also Horn v. Guaranty Chevrolet Motors, supra, 270 Cal.App.2d at page 485, where punitive damages were held proper even though plaintiff only recovered restitution of the payments made for the automobile in that case.
IV. Gonzalez Testimony
Defendant objected to the testimony of Jose Gonzalez concerning his transaction with defendant. Defendant says that this transaction, occurring two years eight months after the Cobian-Ordonez sale, was too remote, the probative value was outweighed by its prejudicial effect, and concerned a sale made by Ordonez Motors, Incorporated of South Gate, not Ordonez Motors of East Los Angeles. Gonzalez testified that the misrepresentations made to him were made by defendant personally. The change in the form of doing business was immaterial. Those misrepresentations and the pattern of dealing with a customer were sufficient to show intent, common plan and absence of mistake or accident within the meaning of Evidence Code section 1101, subdivision (b). The jury was so instructed, before Gonzalez testified, by the judge. The evidence was not admitted to show defendant’s “bad character.” Remoteness in time does not require exclusion of this type of testimony. (See People v. Burns (1952) 109 Cal.App.2d 524, 538 [241 P.2d 308, 242 P.2d 9]; People v. Peete (1946) 28 Cal.2d 306, 318-319 [169 P.2d 924].) Any remoteness went to weight and defendant argued the lack of weight of this evidence to the jury. There was no abuse of the trial judge’s discretion to allow this evidence to be received pursuant to Evidence Code section 352. (People v. Kelley (1977) 75 Cal.App.3d 672, 678 [142 Cal.Rptr. 457].)
V. Attorney Fees
The trial court awarded plaintiff $2,000 attorney fees claimed as costs. Plaintiff’s claim for those fees was based on Civil Code section 2983.4 which provides, in part: “Reasonable attorney’s fees and costs shall be awarded to the prevailing party in any action on a contract ... subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer.” In the complaint plaintiff prayed both for costs and reasonable attorney fees. In the motion for summary adjudication no request was made for fees and the minute order granting the motion is silent as to fees. No challenge is made to the amount of the fees by defendant. However, defendant claims that plaintiff is not entitled to fees as none were given in the order granting *Supp. 31 summary adjudication and Civil Code section 1717 does not apply. In the latter contention, defendant is correct: Civil Code section 1717 requires the fees to be “incurred to enforce the provisions of [the] contract.” In Stout v. Turney (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228], a tort action for fraud was held not to “enforce” the contract; in McKenzie v. Kaiser-Aetna (1976) 55 Cal.App.3d 84 [127 Cal.Rptr. 275], it could not be ascertained if the jury verdict was founded on contract or tort theories and a negligent misrepresentation theory would not support a fee award; in Schlocker v. Schlocker (1976) 62 Cal.App.3d 921 [133 Cal.Rptr. 485] an action for fraud was not “on the contract.” But none of these three cases, cited by defendant, controls the situation here where the relief was sought under another section which has been construed differently than Civil Code section 1717. Civil Code section 2983.4 differs significantly, as it has been interpreted, from Civil Code section 1717. Under section 2983.4 the action need only be on a contract subject to the Rees-Levering Act, not an action to enforce such a contract. In Leaf v. Phil Rauch, Inc. (1975) 47 Cal.App.3d 371 at pages 378-379 [120 Cal.Rptr. 749], the court held attorney fees proper under section 2983.4 where plaintiff had sued to rescind a contract subject to the Rees-Levering Act. There was no double recovery of fees as none were asked for or awarded at the time of the motion for summary adjudication. Thus the trial court properly awarded attorney fees in our case.
Defendant has not persuaded us of error in the judgment against him.
Cross-appeal
Plaintiff Cobian pursues two issues on his cross-appeal, both pertaining to interest on the awards of damages. The interest on the $400 restitution award was ordered to run from December 14, 1977, the date of the ruling on the motion for summary adjudication. Plaintiff is correct in his contention that the interest should have commenced with the rescission of October 4, 1974. This date was admitted by defendant in failing to deny paragraph 11 of the complaint. (Civ. Code, § 3287; Leaf v. Phil Rauch, Inc., supra, 47 Cal.App.3d at p. 375.)
Interest on the second judgment of $2,000 was ordered to commence January 30, 1979, the date that the judge denied the defendant’s motion for judgment notwithstanding the verdict. This erroneously postponed the accrual of the interest beyond the time provided in Code of *Supp. 32 Civil Procedure section 1033 which calls for interest to run from the rendering of the jury’s verdict on December 19, 1978. (Espinoza v. Rossini (1967) 257 Cal.App.2d 567, 569 [65 Cal.Rptr. 110].)
Disposition
The judgment is modified to read: “Judgment for plaintiff Eriberto Cobian against defendant Alejandro Ordonez, also known as Alex Ordonez, individually and dba Alejandro Ordonez Motors in the sum of $2,400 plus $2,000 attorney fees plus interest at 7 percent per annum on the sum of $400 from October 4, 1974, plus interest at 7 percent per annum on the sum of $2,000 from December 19, 1978, plus costs as allowed by law” and as so modified, the judgment is affirmed. Plaintiff Cobian to recover his costs on appeal.
Cole, P. J., and Dowds, J., concurred.

As only one judgment is proper in this action, we construe the two documents executed by the clerk on the same day (“Minutes and Judgment—Trial—Brief Form” and “Judgment on Verdict”) together as the judgment. These two documents will be referred to hereafter as the judgment.

Under the contract the unpaid balance to be financed was $1,562.98. Civil Code section 2982, subdivision (c) allows 1 percent per month to be financed plus another 1 percent for a partial month over 15 days. The contract was signed August 17, 1974, and payments were to be made over 18 months and 15 days. Eighteen times 1 percent times $1,562.98 is $281.34. Defendant actually charged $283.10. This is $1.76 more than the maximum allowable charge of $281.34.

See footnote 2.

As noted in the first section of this opinion, the record on appeal does not include any instructions concerning the jury’s treatment of the summary adjudication order. Thus defendant has not demonstrated that the jury’s verdict duplicated or included the $400 previously awarded by the judge as restitution.