**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK WRIGHT, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>GENERAL MOTORS ACCEPTANCE CORPORATION, a business entity form unknown,<br><br>    Defendant - Appellee. | No. 12-55319<br><br>D.C. No. 3:09-cv-02666-JM-MDD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted November 6, 2013
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Roderick Wright ("Wright") appeals the district court's grant of summary

judgment for Ally Financial, Inc., formerly General Motors Acceptance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Corporation ("Ally"), and against Wright for lack of standing under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Wright also appeals the district court's denial of his class certification motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On April 6, 2007, Wright purchased a car from a California auto dealer, financing the vehicle with a loan from Ally. He made payments on the car for about two years before defaulting on his loan. Ally repossessed the car in July 2009, and soon thereafter sent Wright a Notice of Intent to Dispose of Repossessed Vehicle ("NOI"). The NOI said that Ally planned to sell the car at auction and that Wright had a limited statutory right to preempt the sale by reinstating his contract or redeeming the car. Wright did not do so in the time permitted, and Ally sold the car at auction on October 1, 2009, applying the sale proceeds to Wright's outstanding contract balance. The resulting deficiency was in the amount of $9,694.43, and Ally sent Wright a letter on October 7, 2009, giving an accounting for this deficiency and telling Wright how he could make a payment on it. Ally also reported the deficiency to the credit bureaus.

On October 16, 2009, Wright made a partial payment of $25. He filed this putative class action less than a week later, arguing that the NOI he received did not comply with the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code

§ 2981 *et seq.*, because (1) it did not fully inform him of the amount he had to pay Ally to cure his default, and (2) it did not provide him with a physical address at which he could personally serve Ally with a form that would have extended the statutory redemption or reinstatement period by an additional ten days. These failures, according to Wright, invalidated Ally's deficiency claim and rendered Ally's attempt to collect on the allegedly invalid deficiency a violation of the UCL.

Ally removed the suit to federal court under the Class Action Fairness Act. 28 U.S.C. §§ 1332(d), 1453(b). The district court denied Wright's motion for class certification. The parties then filed cross-motions for summary judgment. The district court granted summary judgment for Ally and against Wright, concluding that Wright lacked standing to bring his suit in light of the heightened standing requirements of the UCL. That brings us to this appeal.

We review *de novo* a district court's ruling on standing. *See United States v. Duncan*, 643 F.3d 1242, 1247 (9th Cir. 2011). Similarly, we review a district court's decision on a motion for summary judgment *de novo*, *see San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676, 699 (9th Cir. 2012), and we may affirm the district court's decision "on any ground supported by the record," *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009) (internal quotation marks omitted).

A private suit may be brought under the UCL only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Standing under the UCL, in other words, is "substantially narrower" than standing under Article III of the Constitution, and a plaintiff suing under the UCL must "(1) establish . . . *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885-86 (Cal. 2011).

Wright argues that he suffered economic harm both by paying Ally $25 to partially offset his nearly $10,000 deficiency and when Ally reported his deficiency to the credit bureaus. Even if each of these injuries could independently serve as a basis for standing under the UCL, a proposition we assume without deciding here, because Wright cannot show the type of "causal connection" between either injury and any alleged unfair competition by Ally, we affirm the district court. *See id.* at 887 (internal quotation marks omitted).

Wright does not argue, because he cannot argue, that his $25 payment was caused by Ally's allegedly defective NOI. Rather, he contends that it was caused by Ally's October 7, 2009, letter, which Wright maintains was an illegal attempt to collect on an invalid deficiency. But the October 7 letter was not, as Wright

-4-

characterizes it, a "demand for payment." The letter did not demand anything of Wright. It was merely an accounting that (1) gave Wright information about how his $9,694.43 deficiency was calculated; (2) explained that the deficiency could change based on credits, rebates, charges, or accrued interest; and (3) provided instructions on how to get "more information about this transaction or to make payment arrangements." Ally sent the letter pursuant to statute, *see* Cal. Civ. Code § 2983.2(b), and in accordance with a promise in the NOI to send Wright "a written accounting of the sale of the vehicle automatically within 45 days" of the sale. Because the letter was not a demand for payment, it was not unfair competition, and Wright cannot establish the necessary causal connection with respect to his $25 payment.

Nor has Wright demonstrated a causal connection between his damaged credit and any unfair competition. Wright testified that he was unable to secure financing for a new car from six different auto dealers "because of the GMAC deficiency on [his] credit report." Wright's heavily redacted credit report shows the deficiency, but Wright offers nothing more than a conclusory statement in his declaration as proof that it was this specific deficiency that caused the auto dealers not to extend him credit. In fact, Wright had many other delinquent debts, and he has offered no evidence that shows he would have obtained credit for a new car

-5-

without the $9,694.43 deficiency. Equally unavailing is Wright's reliance on Evan Hendricks' vague and abstract expert testimony, which also fails to establish a causal connection between Wright's damaged credit and Ally's alleged unfair competition.

Because Wright has not established a causal connection between either economic injury he alleges and any unfair competition on the part of Ally, he has failed to establish standing to bring this suit under the UCL.[1]

**AFFIRMED**.

---

[1] Because we affirm the district court's ruling that Wright lacks standing to bring his claim under the UCL, we need not elaborate on the class certification issue. Without a viable claim in his own right, Wright cannot bring this suit on behalf of the class. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) ("When a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." (internal quotation marks omitted)).